UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY DAWAYNE LEE TURNER,

Plaintiff,

v.

SABRY GHALY, et al.,

Defendants.

Case No. 20-cv-02791-EMC

**ORDER OF SERVICE**

Docket No. 5

## I.     **INTRODUCTION**

Anthony Dewayne Lee Turner, an inmate at Mule Creek State Prison in Ione, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983.  His amended complaint is now before the court for review under 28 U.S.C. § 1915A.  This order directs service of the amended complaint on the two Defendants and dismisses other claims.

## II.     **BACKGROUND**

Mr. Turner's original complaint had a one-paragraph extremely cursory description of his problems.  The Court reviewed his complaint under 28 U.S.C. § 1915A, described the deficiencies in the pleading, and permitted Mr. Turner to file an amended complaint.  The order of dismissal with leave to amend described the relevant standards, discussed the pleading shortcomings with regard to an Eighth Amendment deliberate indifference claim and an ADA claim, and explained the need to link appropriate defendants to the claims.  Docket No. 3 at 2-4.

Mr. Turner filed an amended complaint that has a short 2-1/2 page description of a medical-care claim and more than 80 pages of attachments, including prison records, health care requests, handouts, and orders issued in this action.  In his description of his claims, Mr. Turner alleges the following about treatment related to his swollen right leg.  After Mr. Turner was

United States District Court
Northern District of California

diagnosed with a blood clot and returned from a hospital to San Quentin State Prison, Dr. Ghaly allegedly ordered blood thinner pills and said he would put a red flag in Mr. Turner's chart to note that Mr. Turner was allergic to "amoldopine." Docket No. 5-2 at 27. Dr. Ghaly and nurse Paley allegedly failed to move Mr. Turner to a lower bunk and lower tier. *Id.* at 27-28. They also allegedly refused to give Mr. Turner a mobility impaired vest, although he later received the vest at a different prison. *Id.* Mr. Turner allegedly did not receive treatment "for the pain in [his] leg, no ointment for [his] dry skin and infection sores, and no medication for pain or not draining the fluid out of [his] knee and leg." *Id.* at 28-29. He seeks damages.

### III.   <u>DISCUSSION</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a serious medical need, and (2) deliberate indifference thereto by a defendant. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

United States District Court
Northern District of California

1    Liberally construed, the amended complaint states a cognizable Eighth Amendment claim

2  against Dr. Ghaly and nurse Paley for deliberate indifference to Mr. Turner's medical needs based

3  on allegations that they failed to provide him a lower bunk/lower tier chrono that he needed to

4  address his swollen leg, as well as failed to treat the pain and swelling in his leg, his dry skin and

5  his infection.  *See* Docket No. 5-2 at 27-29.   An Eighth Amendment claim is not stated for their

6  alleged failure to order a disability vest for him because no facts are alleged to suggest that the

7  presence or absence of such a vest addresses a medical need; for example, whereas having a lower

8  bunk on a lower tier might reduce the pain associated with the swollen leg, having a vest would

9  not do so.

10    A claim for relief under Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131

11  *et seq.* (RA), and § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et*

12  *seq.* ("RA"), is not stated.  The order of dismissal with leave to amend explained that, if he wished

13  to pursue such a claim, Mr. Turner needed to name an institutional defendant because individual

14  workers at the prison are not proper defendants for an ADA/RA claim.  The order also explained

15  that Mr. Turner needed to allege facts showing what his disability was and the accommodations

16  that were needed but not provided to him.  The amended complaint does not cure these

17  deficiencies.  The ADA/RA claim is dismissed.[1]

18                              **IV.    <u>CONCLUSION</u>**

19    1.    The amended complaint, liberally construed, states a cognizable claim against Dr.

20  Sabry Ghaly and nurse Maya Paley under the Eighth Amendment for deliberate indifference to

21  medical needs.  All other claims and defendants are dismissed.

22  _____

23  [1] The Court will not read through exhibits to piece together a claim for a plaintiff who has not pled
    a claim.  The exhibits here provide a somewhat unclear picture of Mr. Turner's ADA
24  accommodation situation and what an ADA claim might include.  One attachment to his amended
    complaint indicates that, as of March 10, 2020, he was classified as "DLT in the Disability
25  Placement Program, indicating [that he requires] relatively level terrain/path of travel
    accommodation," and also had been issued a cane, mobility-impaired disability vest, bottom bunk,
26  and ground floor housing accommodations.  Docket No. 5-1 at 10.  Other attachments to the
    amended complaint indicate that Mr. Turner later pursued an ADA request at Mule Creek State
27  Prison for orthotic shoes and toenail-cutting services.  Docket No. 5-2 at 6, 7.  If Mr. Turner wants
    to pursue an ADA claim about his current conditions at the Mule Creek State Prison, he should
28  file a complaint in the Eastern District of California as that is the proper venue for a complaint
    about the conditions at that prison.

2.      The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint, and a copy of all the documents in the case file upon the following defendants, both of whom apparently work on the medical staff at San Quentin State Prison:

- Dr. Sabry Ghaly
- Nurse Maya Paley

3.      In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.      No later than **April 16, 2021,** Defendants must file and serve a motion for summary judgment or other dispositive motion.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.  If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion.  *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **May 28, 2021**.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c.      If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **June 18, 2021**.

4.      Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by

United States District Court
Northern District of California

4

1

2

3

4

5

declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

6  If Defendants file a motion for summary judgment for failure to exhaust administrative remedies,

7  it is seeking to have the case dismissed.  As with other defense summary judgment motions, if a

8  motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's

9  case will be dismissed and there will be no trial.

10       5.     All communications by Plaintiff with the Court must be served on Defendant's

11  counsel by mailing a true copy of the document to Defendant's counsel.  The Court may disregard

12  any document which a party files but fails to send a copy of to his opponent.  Until a defendant's

13  counsel has been designated, Plaintiff may mail a true copy of the document directly to the

14  defendant, but once a defendant is represented by counsel, all documents must be mailed to

15  counsel rather than directly to the party.

16       6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

17  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

18  before the parties may conduct discovery.

19       7.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

20  Court informed of any change of address and must comply with the Court's orders in a timely

21  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

22  to Federal Rule of Civil Procedure 41(b).

23       8.     Plaintiff is cautioned that he must include the case name and case number for this

24  case on any document he submits to the Court for consideration in this case.

25       **IT IS SO ORDERED**.

26  Dated: January 29, 2021

27

28

_____

EDWARD M. CHEN
United States District Judge

5

United States District Court
Northern District of California